Mr. Chief Justice Sharkey
delivered the following dissenting opinion.
This bill, it seems, was filed to recover certain slaves in specie, and the case of Murphy v. Clark is relied on as sustaining the pretensions of the complainant. If the question had been decided in Murphy v. Clark by a majority of the court, I should now acquiesce of course; but it was not. Only two judges presided, and each gave a different reason for sustaining *87 the bill. I regard the question now presented as an open one, and I only desire to say, that I cannot concur in holding, that the owner of slaves may, under any and all circumstances, resort to the court of chancery for the recovery of his property. Slaves are regarded as property; the title to property is triable at law, unless there be some peculiar circumstances to give a court of chancery jurisdiction. I do not think this mere character of the property carries with it, necessarily, the pretium affeciionis, which has usually been held necessary to give the court of chancery jurisdiction to decree the specific property to the master. ' A slave, from peculiar abilities or habits, might be worth greatly more to his master than he would be to any other person, and in such cases, perhaps, the jurisdiction might well be exercised.